FILED
United States Court of Appeals
Tenth Circuit

November 2, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE SHANKLIN,

          Petitioner–Appellant,

v.

JOE ORTIZ, Director, Colorado
Department of Corrections; LARRY
REID, Warden, Colorado State
Penitentiary, Canon City, Colorado;
JOHN SUTHERS, Attorney General,
State of Colorado,

          Respondents–Appellees.

No. 07-1004

(D.C. No. 04-CV-841-ZLW)

(D. Colo.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner, a state prisoner represented by counsel, seeks a certificate of

appealability to appeal the district court's denial of his § 2254 habeas petition.

Petitioner contends that he received ineffective assistance of counsel in his trial

for first-degree and attempted first-degree murder because counsel failed to

interview and present testimony from a woman who would have contradicted

some of the testimony given by a key prosecution witness. This claim was

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rejected in state postconviction proceedings, and the federal magistrate judge concluded that this rejection was not "contrary to" and did not "involve[] an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2006). The magistrate judge agreed with Petitioner that one of the state appellate court's factual findings was not supported by the record. However, this finding was not critical to the state court's other factual determinations nor to the court's conclusion that Petitioner had not demonstrated that he received ineffective assistance of counsel. After considering Petitioner's objections, the district court adopted and approved the magistrate judge's recommendation and accordingly denied the petition.

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have carefully reviewed Petitioner's filings, the magistrate judge's thorough report and recommendation, the district court's disposition, and the record on appeal, including the record from the state trial and postconviction

proceedings.  Nothing in these materials raises an issue which meets our standard for the grant of a certificate of appealability.  For substantially the reasons set forth by the magistrate judge and district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge